IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Theodore Lester McWhite, Jr., | ) | C/A No.: 1:11-2756-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Wesley Ingram, | ) | |
| Defendant. | ) | |

Plaintiff Theodore Lester McWhite, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by defendant Wesley Ingram ("Defendant") while incarcerated at Florence County Detention Center. Before the court are the following motions: (1) Plaintiff's motion for summary judgment [Entry #12]; and (2) Plaintiff's motion for a default judgment [Entry #28]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I. Motion for Summary Judgment

Plaintiff filed his motion for summary judgment on December 13, 2012, before service was authorized and before Defendant made an appearance in this case. Plaintiff's motion provides no recitation of undisputed facts, but simply states that Plaintiff "want[s] to file for summary judgment." [Entry #12]. As such, it does not appear that Plaintiff intended this document to constitute a motion for summary judgment, but only Plaintiff's intention to

file a motion for summary judgment. To the extent Plaintiff intended it to be considered a motion for summary judgment, the undersigned recommends it be denied because Plaintiff failed to demonstrate that no genuine dispute of material facts exists in this matter. The court notes that the deadline for the parties to file dispositive motions, including motions for summary judgment, is June 21, 2012.

II.     Motion for Default Judgment

Plaintiff has also moved for default judgment against Defendant. Plaintiff alleges that Defendant was served on December 27, 2011. The docket reflects that the undersigned authorized service on December 27, 2011 [Entry #], but the executed summons indicates that Defendant was not served until February 1, 2012 [Entry #25]. Therefore, Defendant's answer was due by February 22, 2012. The docket reflects that Defendant filed his answer on February 22, 2012. [Entry #29]. Because Defendant timely filed an answer, the undersigned recommends Plaintiff's motion for default judgment be denied.

III.    Conclusion

For the foregoing reasons, the undersigned recommends Plaintiff's motion for summary judgment [Entry #12] and Plaintiff's motion for a default judgment [Entry #28] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 18, 2012                                  Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).